The PRESIDENT
delivered the opinion of the Court.
There is no error in the proceedings in this cause, until we come to the judgment of the District Court, which is entered *as if Christopher Hudson had been then living. The entry is: “that the judgment of the County Court be affirmed, and that the appellee recover, against the appellant, damages according to law &c. and costs &c.”
The court take no notice of the death of Christopher, and yet that event had been regularly suggested upon the record, and the executor made a party by the service of the sci. fa.
In the case of Gordon v. Bates where the executor was there stated as a party, this Court affirmed the judgment with damages and costs to be levied of the estate of the testator in the hands of the executor if so much he had, if not, then the damages and costs of the executor’s proper goods.
The damages in that case being only one penny, they were not worth the attention of the court. On reviewing that subject we disapprove of that decision in awarding the damages against the proper estate of the executor, in case of deficiency in that of the testator, since the executor, in pursuit of his duty, only prosecuted an appeal entered by the testator himself.
The judgment of the District Court must be reversed, and that of the County Court affirmed, with damages from the time of entering the judgment in the County Court, to that of the affirmance in the District Court, and the costs in the latter Court, to be levied of the estate of the testator in the hands of the executor; &0.†

A Motion was made, that the OJerk might be permitted to give a certificate of the above judgment, to be entered in the District Court now sitting:— By the Coart. This is a motion, which is never granted without strong reasons. Tn general It is not permitted, as we may change our opinions during the term. It is often granted, if the delay would endanger the debt. No sufficient reason appearing in this case, the motion is over-ruled.— Note in Original Edition.